**Ethel Mae MILLER, Appellant,**

v.

**Arvin Hannon MILLER, Appellee.**

**No. 01–83–0793–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 24, 1984.

W.T. Bennett, Huntsville, for appellant.

Donald L. Kraemer, Haney & Kraemer, Huntsville, for appellee.

Before EVANS, C.J., and WARREN and BULLOCK, JJ.

OPINION

EVANS, Chief Justice.

This is an appeal from that part of a divorce decree dividing the assets, debts, and entitlements of the marital estate between the parties. We reverse the appealed portion of the divorce decree and remand the cause to the trial court for reconsideration of its award in light of this opinion.

In her first six points of error, appellant contends that the trial court awarded a disproportionate share of the assets and entitlements of the marital estate to the appellee and a disproportionate share of the debts to appellant. She contends that this was error, because of appellee's failure to request in his pleadings the relief awarded, and because the evidence was legally and factually insufficient to support the division. In her seventh and eighth points of error, the appellant contends that the court erred in awarding the appellee all of the military retirement benefits accruing from his service in the United States Navy, and that this error resulted in an unfair and unequal distribution of the marital estate.

The parties are not, unfortunately, in complete accord with respect to the values which should be placed on the properties considered by the trial court. The appellant alleges generally that she received fewer assets and was ordered to pay a greater amount of the community debts than appellee; however, many of the items listed in the decree are not assigned a dollar value, and it is somewhat difficult to evaluate the appellant's assertions that the decree treated her unequally. However, we are able to determine from the record that the trial court's award of retirement benefits to the appellee is such a substantial part of the parties' estate that such award, if erroneous, resulted in an unfair division of the properties. We first address that issue.

On June 3, 1982, the trial judge announced that she was granting a divorce to the parties, and the following day she or-

dered a division of the community property and debts. At that time, the decision of the United States Supreme Court in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), required military retirement benefits to be treated as a serviceman's separate property, and the trial judge accordingly ruled that the appellee's Navy retirement benefits constituted his separate property.

On September 8, 1982, Congress enacted the Uniformed Service Former Spouses Protection Act, 10 U.S.C. sec. 1408, which became effective February 1, 1983. That act restored to the states the right to treat military retirement benefits as community property "in accordance with the law of the jurisdiction." On August 15, 1983, over a year after the initial oral rendition of judgment, the trial judge signed and entered a written divorce decree which contained the same terms as previously announced. The appellant duly filed a motion for new trial, and a motion to modify the decree in light of the Uniformed Service Former Spouses Protection Act. The trial court denied both motions and this appeal results.

■ We first consider the threshold question of whether the Uniformed Service Former Spouses Protection Act should have been taken into consideration by the trial court at the time of the entry of its final judgment in the cause. In its conclusions of law, the court below correctly applied the *McCarty* rule, stating that "The Military Retirement benefits received by [appellee] as a result of [appellee's] service in the United States Navy were not subject to division by the Court on June 4, 1982, the date judgment was rendered." The court below denied appellant's motion for new trial or for modification of the judgment on October 6, 1983, thereby implicitly ruling that there was no need to reconsider its division of property, despite the fact that *McCarty* was no longer the law. The trial court had plenary power to vacate or modify its judgment within 30 days after the judgment was signed. Tex.R.Civ.P. 329b. We hold that the court erred in refusing to reconsider and revise its judgment in light of the change in the law.

■ The record shows that the appellee enlisted in the United States Navy on August 14, 1940 and retired on February 24, 1960, five months short of completing his twentieth year of service. His Navy retirement pay was therefore based on 235 months of military service. 10 U.S.C.A. sec. 1408(c)(1) provides that this retirement pay may be divided upon divorce in accordance with state law. In Texas, the proportion of retirement benefits belonging to the community estate is determined by dividing the total months of service into the months of that service while married. Appellant married appellee on April 6, 1947, and therefore benefits for 155 of the total 235 months of service are attributable to the marital estate. Appellant is entitled, absent countervailing equitable considerations, to her share of the community interest in appellee's Navy benefits, which equates to $\frac{1}{2} \times \frac{155}{235} \times$ monthly benefit paid by the Navy. In June of 1982, appellee received $314 per month from the Navy, $103.55 of which was appellant's community share in the retirement benefits. *See Cameron v. Cameron*, 641 S.W.2d 210 (Tex.1982), and *Voronin v. Voronin*, 662 S.W.2d 102 (Tex.App.-Austin 1983).

■ The record further indicates that the appellant was entitled to receive one-half of the appellee's Texas Department of Corrections retirement benefits. In its findings of fact, the trial court found that appellee had used $18,000 of his separate property to pay community debts. Accordingly, the trial court awarded to the appellee all of the Texas Department of Corrections retirement benefits through October 31, 1986. Thereafter, the benefits were ordered divided equally between the parties. The court thus awarded to appellee the appellant's share in these benefits from June, 1982 through October, 1986, a period of 53 months. The court found that appellee received $692.23 per month, and effectively awarded $18,338 worth of appellant's share of the retirement benefits to the ap-

pellee, apparently to compensate him for $18,000.00 worth of separate property that had been used to pay community debts. This ruling was erroneous because half of the community debts were attributable to the appellee, and he was therefore entitled to recoup only the separate property paid towards the portion of the debt attributable to appellant, or $9,000.00.

■ Appellant's share of the Navy retirement benefits over the 15 years of appellee's life expectancy amounts to approximately $18,720, which has a present value of $10,200 assuming a 9% rate of return. This sum, together with the $9,000 of debt mistakenly charged against appellant's share of the Texas Department of Corrections retirement benefits, represents a significant proportion of the marital estate.

■ According to the record, at the time of the divorce the appellant was sheltering and caring for the parties' daughter, who was terminally ill with leukemia, as well as that daughter's son, who had been adopted by the parties. The record indicates that the appellant's income from her catering business was curtailed because of her daughter's illness, and that even with the child support payments ordered by the court, appellant would be pressed financially to maintain herself, her sick daughter and minor grandson, and to make the monthly payments on their home as required by the court's decree. Considering the record in its entirety, we find no evidence to justify an award of approximately $19,000.00 of appellant's share of the marital estate to the appellee, and we hold that such award was erroneous and resulted in an unfair and unequal distribution of the community estate.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.